McGREGOR W. SCOTT
United States Attorney
DAWRENCE W. RICE, JR.
CHRISTOPHER D. BAKER
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:18-CR-00001 LJO |
| Plaintiff, | STIPULATED PROTECTIVE ORDER |
| v. | |
| EVERITT AARON JAMESON, | |
| Defendant. | |

The discovery materials being provided to defense counsel in this case contain references to CHSs and FBI Employees Operating in an Undercover Capacity[1] who may be engaged in other ongoing investigations. The public disclosure of the identities of these individuals may jeopardize those investigations and their safety. Accordingly, the parties, by and through their respective counsel, stipulate and agree that there is good cause for issuance of a protective order in the following form.

---

[1] FBI Employees Operating in an Undercover Capacity are typically FBI personnel or officers and agents with local or state law enforcement organizations who work with the FBI as task force officers. "CHS" stands for Confidential Human Source, and includes civilians working with the FBI in the course of an investigation.

STIPULATED PROTECTIVE ORDER   1

**A.     Protection of Discovery Information**

1. Because the purpose of discovery is for nothing other than to be used in the prosecution or defense in this case, the parties agree that, discovery materials, including materials produced prior to the date of this order, shall not be further disseminated by the defendant, or their respective counsel of record, or any individual associated with them, to any individuals, organizations or other entities, other than: (i) members of the defense team (counsel, paralegals, investigators, translators, transcription service personnel, litigation support personnel, the defendant, and secretarial staff); (ii) experts retained to assist in the preparation of the case; and (iii) individuals or entities assisting the United States in the prosecution of the case (generally the same types of individuals listed at (i), above). Each of the individuals to whom disclosure is made pursuant to the above provision shall be provided a copy of this protective order and will be advised that he or she shall not further disseminate the materials except for good cause and with the express direction of counsel. In addition, counsel and any investigator may show (but not provide copies or allow memorialization of information in) discovery materials to witnesses or potential witnesses, if it is determined that it is necessary to do so for the purpose of preparing the case.

2. Any discovery in this case, including any copies, notes, summaries, etc. containing discovery, will be stored by the parties at their respective offices in a manner designed to avoid inadvertent disclosure of the materials to anyone not subject to this protective order Should it be necessary to provide copies of discovery to an expert, that individual will similarly store the materials in his or her office in a manner designed to avoid inadvertent disclosure of the materials to anyone not subject to this protective order, including other individuals or personnel at his or her office who are not subject to this protective order. This provision does not preclude the use of materials outside of the storage location, but is intended to ensure that the materials are properly maintained and stored in a secure fashion when not in use.

3. "Sensitive discovery materials" are materials that contain personal information, or a description or reproduction thereof, such as names, addresses, social security numbers, dates of birth, and other sensitive information such as personal phone or account numbers. If filed with the Court,

sensitive discovery materials shall be filed with such information redacted, or the whole document containing such information shall be filed under seal.

4. The procedure for use of sensitive discovery materials during any hearing or trial of this matter shall be determined by the parties and the Court in advance of hearings or trial. The parties shall consider redacting sensitive discovery materials to remove individual personal identifiers, request to submit such documents under seal, code documents to substitute numerical or other designations for the names of individuals or other identifying information, request that exhibits be placed under seal with an instruction to the jury not to disclose any information contained therein, and/or introduce summary evidence where practical which may be more easily redacted.

5. Nothing contained in this protective order shall prevent or in any way limit or impair the right of the United States to disclose to any regulatory or law enforcement agency, or any agency or department of the United States, or any division of any such agency or department, discovery related to any potential violation of law or regulation, or relating to any matter within that agency's jurisdiction. Nor shall anything contained in this protective order prevent or in any way limit or impair the use of any such discovery by an agency in any proceeding relating to any potential violation of law or regulation, or relating to any matter within that agency's jurisdiction.

**B.** **Protection of Declassified Sensitive Discovery Materials**

For the purposes of this protective order, the term "sensitive discovery materials" also includes declassified or formerly-classified information or materials that may be reviewed by or made available to defense counsel in this case. The defendant and his counsel will protect all discovery material designated as sensitive discovery materials and any disclosure may occur only as needed for the litigation.

Such sensitive discovery materials shall not be further shown or provided by the defendant or his counsel to any individuals, organizations or other entities, other than (i) members of the defense team (counsel, paralegals, investigators, translators, transcription service personnel, litigation support personnel, the defendant, and secretarial staff); and (ii) experts retained to assist in the preparation of the defense. Each of the individuals to whom disclosure is made pursuant to the above provision shall be

provided a copy of this protective order and will be advised that he or she shall not further disseminate the materials except by express direction of counsel.

It is expressly understood that counsel for the defendant shall not provide or show declassified sensitive discovery materials to an anticipated witness, unless it is determined that it is necessary to do so for the purpose of preparing the case for trial. Defense counsel shall provide notice[2] to the Court and counsel for the government of its intent to show declassified sensitive discovery materials to a testifying witness before doing so in open court. No showing of the item to the witness on the stand in open court shall be made until the Court so permits. Each witness to whom disclosure is made pursuant to the above provision shall be provided a copy of this protective order and shall be advised that he or she is obligated to comply with its terms. Such disclosure may occur only after the signing of an Acknowledgement by all witness and non-members of the defense team, which states, in substance, that all witnesses and non-members of the defense team will agree to be bound by the terms of this protective order, including consenting to the jurisdiction of this Court for the purposes of any proceedings relating to the performance under, compliance with, or violation of this order. Defense counsel shall maintain a list of persons to whom materials are disclosed and retain a copy of the Acknowledgement. Furthermore, the witness shall not further disseminate any information related to such sensitive discovery materials. Absent specific authorization from the Court, copies of sensitive discovery materials shall not be distributed to any witness.

3. Any document filed with the Court, including any attachment, which contains sensitive discovery materials, or a description or reproduction thereof, will be filed in redacted form or under seal.

4. Counsel shall store all sensitive discovery materials, and any copies thereof, in a safe and secure place in defense counsel's office and shall exercise due and proper care with respect to the storage, custody, use, control, and/or dissemination of such information. Non-party recipients of any sensitive discovery materials pursuant to this protective order shall have in place appropriate administrative, technical, and physical safeguards to protect the privacy of the sensitive discovery materials.

///

**C.     CHS or FBI Employees Operating in an Undercover Capacity Personal Identifiers in Discovery**

If any information about the actual or cover personal identifiers[3] of CHSs or FBI Employees Operating in an Undercover Capacity is included in discovery materials:

1. The defendant and counsel will not publicly disclose, including but not limited to in any pretrial filing or at any pretrial hearing (including any detention hearing), the actual or cover names, code names, or agency or other identifiers or online account name of any CHS or FBI Employees Operating in an Undercover Capacity.

2. The defendant and counsel will not show or provide any discovery materials including personal identifiers of a CHS or FBI Employees Operating in an Undercover Capacity to anyone other than to (i) members of the defense team (counsel, paralegals, investigators, translators, transcription service personnel, litigation support personnel, the defendant, and secretarial staff); and (ii) experts retained to assist in the preparation of the defense. Each of the individuals to whom disclosure is made pursuant to the above provision shall be provided a copy of this protective order and will be advised that he or she shall not further disseminate the materials except for good cause and with the express direction of counsel.

3. All audio and video recordings in which a CHS or FBI Employees Operating in an Undercover Capacity can be seen or heard, or is discussed, shall not be copied or reproduced by the defense in any way unless (1) the defendant provides advance notice to government counsel, and (2) the defendant asks the Court for authorization to make such copies and reproductions. Notice must be given sufficiently in advance of the contemplated copying so as to permit briefing and argument on the propriety of such copying. In any event, copies may ONLY be provided to members of the defense team (as defined in paragraph A1, above), and may only be provided to further the investigation and preparation of this case.

4. All audio and video recordings in which a CHS or FBI Employees Operating in an Undercover Capacity can be seen or heard, or is discussed, must be maintained in the office of defense counsel, and removed from such office only by members of the defense team and only for the purpose of

the investigation and preparation of this case. The audio and video recordings described here must be promptly returned to the office of defense counsel when the need for its use outside of such office is complete.

---

[2] Of course, the defense may also provide such notice informally to counsel for the government and, where practical, the parties may provide joint notice to the Court requesting authorization for the defense to show specific items to witnesses.

[3] In the context of CHSs and/or FBI Employees Operating in an Undercover Capacity such personal identifiers include not only identifiers such as addresses, Social Security numbers, and dates of birth, but also physical characteristics, true identity references that could lead to the identification of the CHS or FBI Employees Operating in an Undercover Capacity (such as references to hometowns, places they have been and why, people they know, etc.), and any other unique identifying number or characteristics.

### D. **General Provisions**

1. Any modifications of this protective order will only be effective if ordered by the Court. Until the Court rules on any such motion, no disclosure of discovery shall be made, except in compliance with this protective order.

2. In the event that defense counsel's representation is terminated, the materials covered by this order shall be returned to government counsel, and shall not be provided directly to the defendant. Should new counsel be substituted in, materials may be transferred to such new counsel provided that such new counsel and his or her defense team agree in writing to be subject to the terms and conditions of this protective order.

3. Within 30 days after conclusion of this criminal matter (defined to include any appeals and collateral attacks), defense counsel shall return to government counsel all discovery materials and any copies thereof. Defense counsel shall also destroy any derivative contents of discovery material, e.g., verbatim excerpts of recordings or transcripts (if they exist), other than attorney work product.

4. All sensitive discovery material that may be provided as part of the discovery materials in this case is now and will forever remain the property of the United States. Defense counsel will return the sensitive discovery material, and all copies thereof, to counsel for the government at the conclusion of the case (defined to include any appeals and collateral attacks).

5. This protective order is not intended to supplant other applicable laws, regulations, and

requirements for the handling of classified or otherwise sensitive or protected materials, but only to provide specific mechanics for handling discovery in this case that may not otherwise be addressed by such laws, regulations, and requirements.

6. The failure to designate any materials as sensitive discovery materials as provided in this protective order shall not constitute a waiver of a party's assertion that the materials are covered by this protective order.

7. Should any sensitive discovery materials be disclosed in a manner not authorized by this protective order by the defendant, defense counsel, or a non-party retained by the defendant for purposes of the litigation, defense counsel shall use all best efforts to effectuate the return of any such sensitive discovery materials and to bind the recipient of sensitive discovery materials to the terms of this order and shall, within ten business days of the discovery of such disclosure, inform the Court and the United States of the unauthorized disclosure and identify the recipient.

8. The parties recognize that disputes may arise regarding the status of particular documents, evidence, or information under this protective order and agree that they will attempt to mutually resolve such disagreements. In the event, however, that the parties are unable to reach a mutually acceptable resolution, nothing in this protective order precludes either party from presenting the dispute to the Court for resolution and sanctions, provided that the parties must submit all such disputes in redacted form or under seal or, if necessary, consistent with the provisions of the Classified Information Procedures Act.

9. This protective order shall survive the termination of this action, and defense counsel consents to the filing of the protective order.

Dated: 1/22/2018                        McGREGOR W. SCOTT
United States Attorney

By: /s/Dawrence W. Rice, Jr.
DAWRENCE W. RICE, JR.
Assistant United States Attorney

Dated: 1/22/2018                        HEATHER E. WILLIAMS
Federal Defender

By: /s/Charles J. Lee

STIPULATED PROTECTIVE ORDER      7

CHARLES J. LEE
Assistant Federal Defender

## ORDER

Pursuant to Federal Rules of Criminal Procedure, Rule 16(d)(1), the Court finds good cause to issue the protective order requested by the parties. The above stipulated order is therefore adopted by this Court. IT IS SO ORDERED.

IT IS SO ORDERED.

Dated: **January 23, 2018**          **/s/ Lawrence J. O'Neill**
                                     UNITED STATES CHIEF DISTRICT JUDGE